| | |
|---|---|
| LAW OFFICE OF GREGORY JAVARDIAN, LLC<br>By:   Mary F. Kennedy, Esquire<br>ID# 77149<br>1310 Industrial Boulevard, Suite 101<br>Southampton, PA 18966<br>Telephone: 215-942-9690<br>Attorney for Citizens Bank. N.A. f/k/a RBS Citizens, N.A. | Hearing Date: **May 20, 2025, at 11:00 a.m. in Courtroom 4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Dyshanna Dozier<br>a/k/a Dyshanna Roebuck<br>            Debtor | Chapter 13 Proceeding<br><br>21-12764 AMC |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## OF SECURED CREDITOR

AND NOW, comes secured Creditor, Citizens Bank. N.A. f/k/a RBS Citizens, N.A. ("Movant") by and through its counsel, Mary F. Kennedy, Esquire, and files this Motion to obtain an order for Relief from the Automatic Stay of 11 U.S.C. § 362(a) and for an Order annulling the automatic stay and validating Movant's action related to the mortgage foreclosure actions on its first and second mortgages and avers the following.

1. On or about October 7, 2021, Debtor filed a Chapter 13 Bankruptcy Petition.
2. On December 23, 2011, Curtis King executed a Mortgage ("the first Mortgage"). Said Mortgage secured a Note in the amount of $130,250.00 executed by Curtis King on December 23, 2011. The Mortgage gave Movant a security interest in the property located at 955 Wakeling Street, Philadelphia, PA 19124, ("the property"). Said Mortgage was recorded in the Philadelphia County Recorder of Deeds Office on January 6, 2012 at instrument no. 52431983 See Exhibit "A" attached hereto and made a part hereof.
3. On December 23, 2011, Curtis King executed a Mortgage ("the second Mortgage"). Said Mortgage secured a Note in the amount of $10,000.00 executed by Curtis King on

{00982987}

        December 23, 2011. The Mortgage gave Movant a security interest in the property. Said Mortgage was recorded in the Philadelphia County Recorder of Deeds Office on January 6, 2012 at instrument no. 52431984 See Exhibit "B" attached hereto and made a part hereof.

4. Curtis King died on December 4, 2019 and Letters of Administration were issued to Curtis S. King on December 27, 2018. See Exhibit "C" attached hereto and made a part hereof.

5. On August 28, 2020 a Deed was recorded transferring title to the property from Curtis S. King, aka Curtis Stephen King, Administrator Estate of Curtis King to Curtis Stephen King, Shirlette V. Nichols and Dyhanina Dozier. See Exhibit "D" attached hereto and made a part hereof.

6. Upon information and belief Dyhanina Dozier and the Debtor are the same person.

7. Upon information and belief Debtor is the daughter of mortgagor Curtis King.

8. Debtor does not list this property in her Schedules. Nor does she include Movant in her Plan.

9. Debtor also did not include Movant in the list of creditors. Movant therefore did not receive notice from the Court of the bankruptcy filing. See Exhibit "E" attached hereto and made a part hereof.

### FORECLOSURE ACTION AGAINST THE FIRST MORTGAGE - JUNE TERM 2023 NO. 01356

6. Unaware of this bankruptcy filing Movant commenced a foreclosure action against the first mortgage.

7. The following actions associated with the foreclosure action were completed by Movant during the bankruptcy:

    a. Act Letters mailed to Debtor on April 13, 2023.

    b. Mortgage foreclosure complaint naming Debtor as a defendant filed in the Philadelphia County Court of Common Pleas on June 14, 2023 – June Term 2023 No. 01356.

    c. Debtor served with the complaint on August 9, 2023.

{00982987}

    d. A Motion for Alternative Service seeking alternative service against the Debtor's co-defendants filed on August 28, 2023.

    e. Order granting Motion for Alternative Service entered August 28, 2023.

    f. 237.1 Notice mailed to Debtor on January 17, 2025.

    g. Judgement entered January 29, 2025.

    h. Writ of Execution filed February 6, 2025.

    i. 3129 Affidavit filed February 6, 2025.

    j. Motion for Alternative Service for service of Notice of Sale on the Debtor filed April 8, 2025.

    k. Order granting Motion for Alternative Service entered April 8, 2025.

    l. Sheriff's sale scheduled for May 6, 2025.

FORECLOSURE ACTION AGAINST THE SECOND MORTGAGE - APRIL TERM 2024 NO. 00811

8. Unaware of this bankruptcy filing Movant commenced a foreclosure action against the second mortgage.

9. The following actions associated with the foreclosure action were completed by Movant during the bankruptcy:

    a. Act Letters mailed to Debtor on November 7, 2023.

    b. Mortgage foreclosure complaint naming Debtor as a defendant filed in the Philadelphia County Court of Common Pleas on April 5, 2024 – April Term 2024 No. 00811.

    c. Debtor served with the complaint on April 13, 2024.

    d. A Motion for Alternative Service seeking alternative service against the Debtor's co-defendants filed on May 14, 2024.

    e. Order granting Motion for Alternative Service entered May 14, 2024.

    f. 237.1 Notice mailed to Debtor on January 17, 2025.

    g. Judgment entered January 30, 2025

10. Movant was unaware of the Debtor's Bankruptcy filing until April 15, 2025 when a third party by the name of Micah Solomon advised Counsel for Movant of the 2021 bankruptcy filing.

{00982987}

11. Movant is seeking a Court order that the actions listed in paragraphs seven (7) and nine (9) above were not in violation of the automatic stay.

12. Pursuant to 11 U.S.C.A. section 362(d)(1), cause exists to grant Movant relief from the stay and to grant Movant's request that the automatic stay be annulled nunc pro tunc.

WHEREFORE, Movant respectfully requests the Honorable Court ORDER:

1. That Relief from the Automatic be granted to Citizens Bank. N.A. f/k/a RBS Citizens, N.A. so that Citizens Bank. N.A. f/k/a RBS Citizens, N.A. may complete its foreclosure actions against the first and second mortgages and to obtain all other Relief available under non-bankruptcy law.

2. That the mailing of the Act Letters to Debtor on April 13, 2023 and on November 7, 2023 were not in violation of the automatic stay.

3. That the actions taken by Citizens Bank. N.A. f/k/a RBS Citizens, N.A. in its foreclosure action against the first mortgage, Philadelphia County Court of Common Pleas June Term 2023 No. 01356, were not in violation of the automatic stay.

4. That the actions taken by Citizens Bank. N.A. f/k/a RBS Citizens, N.A. in its foreclosure action against the second mortgage, Philadelphia County Court of Common Pleas April Term 2024 No. 00811, were not in violation of the automatic stay.

5. That Bankruptcy Rule 4001(a)(3) is not applicable, and Movant is allowed to immediately proceed with foreclosure and all other relief available under the non-bankruptcy law.

6. That Federal Rule of Bankruptcy Procedure 3002.1 is no longer applicable.

RESPECTFULLY SUBMITTED,

LAW OFFICE OF GREGORY JAVARDIAN, LLC

By: /s/ Mary F. Kennedy, Esquire

Dated: April 22, 2025

{00982987}